UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JAMES KELLY,

                                                  Plaintiff,

-against-

HON. ALFRED C. GRAF in both personal and
professional capacities and MAJOR ZEITLER in both
personal and capacities,

                                                  Defendants.

------------------------------------------------------------------X

For Electronic Publication Only

**MEMORANDUM & ORDER**
24-cv-6793 (JMA) (ARL)

FILED
CLERK
1/15/2026 12:24 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff James Kelly brings this pro se action against Hon. Alfred C. Graf and Major Zeitler ("Defendants") alleging violations of the First, Second, Fourth, Fifth, and Fourteenth Amendments, as well as violations of New York state law. Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that this Court lacks subject matter jurisdiction because the action is precluded by the Eleventh Amendment and by the doctrines of absolute judicial immunity and qualified immunity. Defendants also argue that the Complaint fails to state a cause of action for any of the claims alleged. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

                              **I.      BACKGROUND**

**A. Relevant Facts**

On December 12, 2023, Plaintiff attended a proceeding in Suffolk County Family Court before the Honorable Alfred C. Graf. (ECF No. 1 ("Compl.") at 8.) Plaintiff was not a party to the Family Court proceeding. (Id.) Plaintiff's account of the events giving rise to his Complaint is as follows:

> I filed a Notice of Special Appearance into Armes v. Diffley Dockets: V-05716-22/23B & V-05717-22/23B in File 183864 as a Courtroom Recording Paralegal on behalf of Tracy

> Armes which specifically explained that the publication of the recorded video would by solely to my client or upon court order to all parties before the Court. I also subsequently submitted an Audio/Visual Application to the Court and notified Major Zeitler in advance of the hearing that was about to be called. Upon entering the courtroom with my client, I attempted to sit next to her, but was redirected to the gallery by Major Zeitler and complied. Upon sitting, I took out my phone and began recording. I was ordered to stop recording verbally by the Hon. Alfred Graf as the written order made its way over to my position. I asked for an opportunity to read it and was denied and ordered to turn off my phone. Upon the Court's allegation of obstructing governmental administration, I briefly stopped recording, however, upon the Court's subsequent verbal order to delete what was recorded, I instead began recording again and resisted all subsequent orders to stop. I was immediately ordered to be remanded for 30 days without an opportunity to defend myself, to have an attorney present, to be arraigned or to be indicted. Major Zeitler proceeded to place me in handcuffs to begin processing me. All who were present in the courtroom that morning were witnesses.

(Compl. at 8.) Plaintiff was in jail for three days. (Id.; see also ECF No. 16-6 (order modifying Plaintiff's sentence from 30 days to 3 days).)[1]

In Judge Graf's order denying Plaintiff's Audio/Visual Application, Judge Graf explained: "James Kelly is not a party to the above captioned matter. . . . [T]here is no authority cited by Mr. Kelly or found during the Court's own research that would allow the recording of Family Court proceedings, which by their very nature relate to sensitive matters." (Order Denying App. at 1.)

---

[1] Defendants appended several exhibits to the Motion to Dismiss, including a copy of Plaintiff's Audio/Visual Application, (ECF No. 16-2), copies of Judge Graf's written orders, (ECF Nos. 16-3, 16-5, 16-6), and a courtroom transcript, (ECF No. 16-4). Plaintiff appended several exhibits to his Opposition Brief, including his Notice of Special Appearance on behalf of Tracey Armes, a number of video exhibits, and a document from 1976 reflecting the New York Bar Association's views, at the time, on a pending bill permitting members of the news media to broadcast certain public proceedings. (ECF No. 16-9). It appears that Plaintiff unsuccessfully attempted to upload certain video files to ECF. (Id. at 7–14, 19–20) For most of those video files, Plaintiff provided an online link for the videos. (Id.) Plaintiff sought to submit, as "Plaintiff's Exhibit B," a copy of the recording he made in Judge Graf's courtroom on December 12, 2023. (Id. at 7.) Plaintiff, however, was not able to upload this video to ECF, has not provided an online link or other copy of the video to the Court, and nothing in the record indicates that he served a copy of this video file on Defendants when he provided Defendants with his opposition papers. (See id.) Plaintiff claims that this video recording exposes factual errors in the courtroom transcript submitted by Defendants at ECF No. 16-4. (See Opp. at 2–3). Although the Court was never provided with a copy of this video, the Court accepts as true Plaintiff's description of the facts set out in the Complaint and does not rely on the courtroom transcript cited by Defendants. Nothing in Plaintiff's papers indicates that this video or any of the other video recordings he cites are relevant or material to the grounds relied on by the Court herein for dismissing Plaintiff's claims.

Later that day, Judge Graf issued a written order holding Plaintiff in criminal contempt pursuant to New York Judiciary Law §§ 750(A)(1) and (A)(4).[2]  (ECF No. 16-5 ("Contempt Order").)

B. **Procedural History**

On September 19, 2024, Plaintiff initiated this action by filing a Complaint that asserts claims alleging violations of: (1) 42 U.S.C. § 1983 by Judge Graf and Major Zeitler premised on alleged deprivations of Plaintiff's rights under the First, Second, Fourth, Fifth, and Fourteenth Amendment; (2) 22 N.Y.C.R.R. §§ 29.1(b), 131.5, and 604.2(a)(3) by Judge Graf; (3) N.Y. Judiciary Law §§ 4 and 750(A)(6) by Judge Graf; (4) N.Y. Civ. Rights Law § 79-P(3) by Judge Graf; and (5) the New York Court Officers' Rules and Procedures Manual § 1.30 by Major Zeitler. (Compl. at 3–6.)  Plaintiff is suing the Defendants in both their official and personal capacities. (Compl. at 1.)  Plaintiff seeks damages in the amount of $90,000 plus costs.  (Compl. at 8–9.)

On April 25, 2025, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 16-1 ("Mot."))  Defendants argue that Plaintiff's claims are barred by the doctrines of sovereign immunity, judicial immunity, and qualified immunity.  (Mot. at 1.)  Defendants additionally argue that each of Plaintiff's claims should be dismissed for failure to state a claim.  (Id.)  Plaintiff filed his opposition on May 22, 2025, (ECF No. 16-8 ("Opp.")), and Defendants filed their reply on June 13, 2025, (ECF No. 16-10 ("Reply")).

II. **STANDARD OF REVIEW**

When considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments [it] suggest[s]."

---

[2] N.Y. Judiciary Law § 750(A)(1) allows a court to hold in contempt anyone who engages in "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due its authority." N.Y. Judiciary Law § 750(A)(4) allows a court to hold in contempt anyone who willfully resists the court's lawful mandate.

3

Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "However, mere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (cleaned up).

"Where, as here, the defendant[s] move[] for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (cleaned up).

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). However, the Court should not draw inferences favorable to the party asserting jurisdiction. Id. In resolving a jurisdictional issue, the Court may consider affidavits and other materials beyond the pleadings but may not rely on mere conclusions or hearsay statements contained therein. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In reviewing a motion to dismiss, the Court must accept the factual

4

allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

### III.  DISCUSSION

The Court finds that Plaintiff's federal claims must be dismissed for two reasons. First, Plaintiff's § 1983 claims against Defendants in their official capacities are barred by sovereign immunity under the Eleventh Amendment to the U.S. Constitution. Second, Plaintiff's federal claims against Defendants in their personal capacities are barred by judicial immunity and quasi-judicial immunity. Having dismissed all Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**A. Sovereign Immunity**

The Court analyzes Defendants' motion to dismiss pursuant to the Eleventh Amendment under Rule 12(b)(1) because "[t]he doctrine of sovereign immunity is jurisdictional in nature[.]" Marakova, 201 F.3d at 113.[3]

"The Eleventh Amendment precludes suits against a state unless the state expressly waives its immunity or Congress abrogates that immunity." Thomas v. Martin-Gibbons, 857 Fed. App'x 36, 37 (2d Cir. 2021). "[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." Gollomp v. Spitzer, 586 F.3d 355 (2d Cir. 2009) (internal citation omitted). New York has not waived its Eleventh Amendment immunity for suits under 42 U.S.C. § 1983, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977), and Congress did not abrogate that immunity by enacting § 1983. See Thomas, 857 Fed. App'x at 37.

---

[3] The Court notes that the outcome of Defendants' motion to dismiss would be the same even if sovereign immunity were analyzed as an affirmative defense under Rule 12(b)(6).

Courts "routinely dismiss claims against New York judges, court officers, assistant attorneys general, and district attorneys on Eleventh Amendment grounds." Leibovitz v. Procida, No. 24-cv-4779, 2025 WL 1696968, at *4 (E.D.N.Y. June 17, 2025) (dismissing on sovereign immunity grounds a variety of § 1983 and New York state law claims brought against, inter alia, a state court judge and court officers in their official capacities); see also Thomas, 857 F. App'x at 37 (affirming the dismissal on sovereign immunity grounds of § 1983 claims brought against a New York Family Court judge in his official capacity); Leibovitz v. Barry, No. 15-cv-1722, 2016 WL 5107064, *5 (E.D.N.Y. Sept. 20, 2016) (holding that clerks and court officers of the New York State Court System are immune from suit in their official capacities) (citing Davis v. New York, 106 Fed. App'x. 82, 83 (2d Cir. 2004)).

Plaintiff's § 1983 claims against Defendants in their official capacities as a state judge and a state court officer are barred by the Eleventh Amendment and therefore must be dismissed. See Procida, 2025 WL 1696968, at *4; Thomas, 857 F. App'x at 37; Barry, 2016 WL 5107064, at *5. Plaintiff cites no law to the contrary, arguing only that the Eleventh Amendment "does not apply to situations where a judge strips themselves of their official character[.]" (Opp. at 12.) But Judge Graf was clearly acting in his official capacity as a Family Court judge when he issued multiple verbal and written orders directing Plaintiff to stop recording a proceeding in Judge Graf's courtroom, (see Compl. at 8), and held Plaintiff in contempt of court when Plaintiff disobeyed those orders, (see id.; Contempt Order). Major Zeitler, too, acted in her official capacity as a court officer when she executed Judge Graf's contempt order by placing Plaintiff in handcuffs and removing him from the courtroom. (See Compl. at 8.)

Plaintiff is correct that the Eleventh Amendment does not bar claims brought against state officials in their personal capacities. (Opp. at 12 (citing Scheuer v. Rhodes, 416 U.S. 232 (1974)).)

6

However, as explained below, Plaintiffs' claims against Defendants in their personal capacities are barred by the separate doctrines of judicial immunity and quasi-judicial immunity.

## B. Judicial Immunity and Quasi-Judicial Immunity

The Court analyzes Defendants' motion to dismiss pursuant to judicial immunity under Rule 12(b)(6). See Bartolini v. Mongelli, No. 17-cv-6276, 2018 WL 6333827, at *10 (E.D.N.Y. Nov. 7, 2018) ("Judicial immunity . . . is waivable, and therefore a judicial immunity defense is not jurisdictional, but a disposition on the merits."), report and recommendation adopted as modified, No. 17-cv-06276, 2018 WL 6338771 (E.D.N.Y. Dec. 4, 2018).[4]

Judges are entitled to immunity from damages claims arising out of actions taken in their judicial capacity. Tucker v. Outwater, 118 F.3d 930, 932–33 (2d Cir. 1997). This immunity is absolute; "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 933 (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009). More specifically, "[a] judge's decision to exclude a person from her courtroom due to disruption or breach of decorum is a judicial act." Jacobs v. Ali, No. 18-cv-2909, 2021 WL 12147769, at *5 (E.D.N.Y. June 22, 2021) (dismissing claims brought against a Suffolk County judge for removing plaintiff from the courtroom and holding that judicial immunity applied even where the judge's decision to remove plaintiff was allegedly pretextual and motivated by personal animus); see also Huminski v. Corsones, 396 F.3d 53, 76–79 (2d Cir. 2005) (holding that Vermont judges acted

---

[4] The Court notes that some courts have analyzed judicial immunity under Rule 12(b)(1). See, e.g., Jacobs v. Ali, No. 18-cv-2909, 2021 WL 12147769, at *5 (E.D.N.Y. June 22, 2021). Erring on the side of caution, the Court applies the 12(b)(6) standard and so will not consider the additional exhibits proffered by the defense in this section. The allegations set out on the face of the Complaint are sufficient to trigger judicial immunity in this case.

within their judicial capacities in excluding a protester from courthouse, and noting that judges "have substantial power to maintain the decorum and security of their courtrooms and the courthouses").

Absolute judicial immunity may be extended, in the form of quasi-judicial immunity, to other actors whose "acts are integrally related to an ongoing judicial proceeding." Bliven, 579 F.3d at 210 (extending quasi-judicial immunity to staff attorneys who supported state family court judges' adjudication of attorney's fees). This includes "acts of a judicial nature which are essential to the judicial process, such as the execution of court orders." Williams v. Audubon TP4 LLC, No. 23-cv-8758, 2023 WL 8528552, at *4 (S.D.N.Y. Dec. 5, 2023) (citing Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)); see also Harley v. Guida, No. 19-cv-6152, 2022 WL 4539510, at *3 (E.D.N.Y. Sept. 28, 2022) ("Courts regularly grant quasi-judicial, absolute immunity to individuals executing court orders."); Bey ex rel. Palmgren v. Conte, No. 18-cv-9594, 2019 WL 1745672, at *3–4 (S.D.N.Y. Apr. 18, 2019) ("To the extent Plaintiff brings claims against the court officers for following the judge's order to arrest Plaintiff, they are entitled to quasi-judicial immunity, and the claims must be dismissed.")

A court officer is not entitled to quasi-judicial immunity for executing facially invalid court orders, nor for enforcing a valid court order in an improper manner. See Harley, 2022 WL 4539510, at *4. However, a court officer who properly executes a facially valid court order "has no obligation to independently research its validity; in fact, he has no authority to question its legality." Id.; see also Brown v. Costello, 101 F.3d 685 (2d Cir. 1996) (holding that a court-appointed receiver "has absolute quasi-judicial immunity for carrying out a valid court order"); Tornheim v. Eason, 363 F. Supp. 2d 674, 677 (S.D.N.Y. 2005) (holding that a sheriff, as an officer of the court, is entitled to absolute quasi-judicial immunity for executing a valid court order to sign transfer documents), aff'd, 175 F. App'x 427 (2d Cir. 2006).

Construed liberally, Plaintiff's argument against judicial and quasi-judicial immunity is threefold. <u>First</u>, Plaintiff argues that Judge Graf acted outside of his judicial capacity when he held Plaintiff in contempt and ordered him remanded without notice or an opportunity to be heard. (Opp. at 13–14.) <u>Second</u>, Plaintiff asserts that Judge Graf's decision to hold him in contempt violated N.Y. Judiciary Law § 750(A)(6), which states that a court may punish as a contempt "[p]ublication of a false, or grossly inaccurate report of its proceedings[,]" but may not so punish "the publication of a true, full, and fair report" of a proceeding. (<u>Id</u>.) <u>Third</u>, Plaintiff argues that Major Zeitler is not entitled to immunity for executing a judicial order that, in Plaintiff's estimation, was facially invalid.[5] (Opp. at 10.)

Plaintiff's arguments are meritless. As an initial matter, the New York Judiciary Law provides: "A court of record has power to punish for a criminal contempt, a person guilty of . . . (1) Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority[, or] . . . (4) Resistance willfully offered to its lawful mandate." N.Y. Jud. L. § 750(A)(1), (4). Moreover, "[s]uch a contempt, committed in the immediate view and presence of the court, may be punished summarily" without notice or time to make a defense. N.Y. Jud. L. § 751(1); <u>see also</u> <u>Levine v. Lawrence</u>, No. 03-cv-1694, 2005 WL 1412143, at *3–5 (E.D.N.Y. June 15, 2005) (describing a "long history of cases explicitly affirming a summary contempt exception to the traditional requirements of due process").

Judge Graf is shielded by judicial immunity. He acted entirely in a judicial capacity and within his jurisdiction as a New York state judge when he ordered that Plaintiff be held in contempt, summarily removed from the courtroom, and imprisoned. Plaintiff recorded an ongoing

---

[5] Plaintiff claims that Major Zeitler violated Section 1.30(b) of the New York State Court Officers' Rules and Procedures Manual, which allegedly informs court officers of their duty to question unlawful orders. (Compl. at 6; Opp. at 10.)

9

court proceeding without permission, (Compl. at 8), and openly defied the court's repeated orders to desist, (id.) This disruptive activity all occurred within the immediate view of the court. (Id.) These actions clearly fall within the court's jurisdiction to hold Plaintiff in contempt and to punish him summarily. See N.Y. Jud. L. §§ 750(A)(1), (A)(4); 751(1); Jacobs, 2021 WL 12147769, at *5; Huminski, 396 F.3d at 76–79.

Plaintiff's reliance on the second clause of N.Y. Judiciary Law § 750(A)(6) is inapposite, as Plaintiff does not allege that Judge Graf held him in contempt pursuant to that provision. In any event, whether Judge Graf properly applied N.Y. Judiciary Law is irrelevant because this claim is barred by judicial immunity. Plaintiff violated multiple direct orders from Judge Graf to stop recording and to delete his recording. (Compl. at 8.) It cannot be said that Judge Graf acted in "clear absence of all jurisdiction." Tucker, 118 F.3d at 933.

Major Zeitler, too, is protected by quasi-judicial immunity. For the reasons stated above, Judge Graf's order holding Plaintiff in contempt was a facially valid court order. Major Zeitler executed that order when she placed Plaintiff in handcuffs and removed him from the courtroom. (Compl. at 8); see also Harley, 2022 WL 4539510, at *4; Tornheim, 363 F. Supp. 2d at 677. To the extent that Plaintiff argues that Major Zeitler acted in an improper manner when executing Judge Graf's order, no facts alleged in the Complaint support that characterization.

Accordingly, all federal claims against Defendants in their personal capacities are dismissed.

## C. State Law Claims

With respect to Plaintiff's claims under New York state law, the Court declines to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3); Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should

10

generally decline to exercise pendent jurisdiction over remaining state law claims."). Therefore, Plaintiff's state law claims are dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, (ECF No. 16). Plaintiff's federal claims against Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff's federal claims against Defendants in their personal capacities are barred by judicial and quasi-judicial immunity. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  January 15, 2026
        Central Islip, New York

                                                          /s/ JMA
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE